**THE LAW OFFICE OF PERRY B. INOS**
Suite 2-C, Sablan Building
Beach Road, Chalan Kanoa
P.O. Box 502017
Saipan, MP   96950

Tel: (670) 235-9006
Fax: (670) 235-9007

Attorney for Charley K. Patris

F I L E D
Clerk
District Court

JUL 2 5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT

## FOR

## THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLEY PATRIS, et al.,<br><br>Defendants. | Criminal Case No. 04-00038<br><br><br>**DEFENDANT PATRIS'<br>PROPOSED JURY<br>INSTRUCTIONS** |

COMES NOW Defendant Charley K. Patris, by and through counsel, and submits the attached proposed jury instructions.

Dated this 2͞5͞ day of July, 2005.

_____
PERRY B. INOS, Esq.
Attorney for Patris

Instruction No. 1

## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

[9th Cir. Crim. Jury Instr. 1.1 (2003)(modified)]

Accepted:    _____

Denied:    _____

-1-

Instruction No. 2

THE CHARGE - PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The charges against the

defendants are contained in the indictment. The indictment is simply the description of the

charges made by the government against the defendant; it is not evidence of anything.

The defendants have both pleaded not guilty to the charges and thus both defendants are

presumed innocent unless and until proved guilty beyond a reasonable doubt by the government.

A defendant has the right to remain silent and never has to prove innocence or present any

evidence.

[9th Cir. Crim. Jury Instr. 1.2 (2003)(modified)]

Accepted:    _____

Denied:    _____

Instruction No. 3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are to be received into evidence; and

(3)     any facts to which all the lawyers stipulate.

[9th Cir. Crim. Jury Instr. 1.3 (2003)]

Accepted:     _____

Denied:     _____

-3-

Instruction No.4

WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.      statements and arguments of the attorneys;

2.      questions and objections of the attorneys;

3.      testimony that I instruct you to disregard; and

4.      anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

[9th Cir. Crim. Jury Instr. 1.4 (2003)]

Accepted:      _____

Denied:      _____

Instruction No. 5

EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. When I instruct you that an item of

evidence has been admitted for a limited purpose, you must consider it only for that limited

purpose and for no other.

[9th Cir. Crim. Jury Instr. 1.5 (2003)]

Accepted: _____

Denied: _____

Instruction No. 6.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

[9th Cir. Crim. Jury Instr. 1.6 (2003)]

Accepted:    _____

Denied:    _____

Instruction No. 7

RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

[9th Cir. Crim. Jury Instr. 1.7 (2003)]

Accepted:    _____

Denied:    _____

-7-

Instruction No. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence;

7.    The witness=s history for honesty and truthfulness; and,

8.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

[9th Cir. Crim. Jury Instr. 1.8 (2003)(modified]

Accepted:    _____

Denied:    _____

-8-

Instruction No. 9

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the marshal to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.


[9th Cir. Crim. Jury Instr. 1.9 (2003)]

Accepted:         _____

Denied:           _____

Instruction No. 10

NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

[9th Cir. Crim. Jury Instr. 1.10 (2003)]

Accepted: _____

Denied: _____

Instruction No. 11

## TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the court room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

[9th Cir. Crim. Jury Instr. 1.11 (2003)]

Accepted:   _____

Denied:   _____

Instruction No. 12

OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

[9th Cir. Crim. Jury Instr. 1.12 (2003)]

Accepted: _____

Denied: _____

-12-

Instruction No. 13

## JURY TO BE GUIDED BY OFFICIAL ENGLISH

## TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court

[interpreters] [translators]. Although some of you may know the non-English language used, it is

important that all jurors consider the same evidence. Therefore, you must base your decision on

the evidence presented in the English [interpretation] [translation]. You must disregard any

different meaning of the non-English words.

[9th Cir. Crim. Jury Instr. 1.13 (2003)]

Accepted: _____

Denied: _____

-13-

Instruction No. 14

## SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

[9th Cir. Crim. Jury Instr. 1.14 (2003)]

Accepted:    _____

Denied:      _____

Instruction No. 15

## CAUTIONARY INSTRUCTIONCFIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

[9th Cir. Crim. Jury Instr. 2.1 (2003)]

Accepted:        _____

Denied:        _____

-15-

Instruction No. 16

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[9th Cir. Crim. Jury Instr. 2.2 (2003)]

Accepted:        _____

Denied:          _____

-16-

Instruction No. 17

## STIPULATED TESTIMONY

The parties have agreed what [name of witness]'s testimony would be if called as a

witness. You should consider that testimony in the same way as if it had been given here in

court.


[9th Cir. Crim. Jury Instr. 2.3 (2003)]


Accepted:     _____

Denied:     _____

Instruction No. 18

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should

therefore treat these facts as having been proved.

[9th Cir. Crim. Jury Instr. 2.4 (2003)]

Accepted: _____

Denied: _____

Instruction No. 19

JUDICIAL NOTICE

The court has decided to accept as proved the fact that [_____], even though

no evidence has been introduced on the subject.

You may, but are not required to, accept this fact as true.

[9th Cir. Crim. Jury Instr. 2.5 (2003)]

Accepted:    _____

Denied:      _____

-19-

Instruction No. 20

FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in a language other than English. This witness will testify through the official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness's testimony. You must disregard any different meaning of the non-English words.

[9th Cir. Crim. Jury Instr. 2.9 (2003)]

Accepted:    _____

Denied:    _____

-20-

Instruction No. 21

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT


You are about to hear testimony that the defendant previously committed other [crimes] [wrongs] [acts] not charged here. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.


[9th Cir. Crim. Jury Instr. 2.9 (2003)]



Accepted:        _____

Denied:          _____

Instruction No. 22

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return ----- that is a matter entirely up to you.

[9th Cir. Crim. Jury Instr. 3.1 (2003)]

Accepted:      _____

Denied:        _____

-22-

Instruction No. 23

CHARGE AGAINST DEFENDANT NOT EVIDENCE

PRESUMPTION OF INNOCENCECBURDEN OF PROOF

The indictment is not evidence. The defendants have pleaded not guilty to the charge. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

[9th Cir. Crim. Jury Instr. 3.2 (2003)]

Accepted:        _____

Denied:          _____

-23-

## Instruction No. 24

### DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No

presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact

that the defendant did not testify.

[9th Cir. Crim. Jury Instr. 3.3 (2003)]

Accepted: _____

Denied: _____

-24-

Instruction No. 25

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

[9th Cir. Crim. Jury Instr. 3.4 (2003)]

Accepted: _____

Denied: _____

Instruction No. 26

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

[9th Cir. Crim. Jury Instr. 3.5 (2003)]

Instruction No 27

WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

[9th Cir. Crim. Jury Instr. 3.6 (2003)]

Accepted:     _____

Denied:     _____

-27-

Instruction No. 28

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[9th Cir. Crim. Jury Instr. 3.7 (2003)]

Accepted:        _____

Denied:          _____

-28-

Instruction No. 29

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

[9th Cir. Crim. Jury Instr. 3.8 (2003)]

Accepted:    _____

Denied:    _____

Instruction No. 30

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence;

7. The witness=s history for honesty and truthfulness; and,

8. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.


[9th Cir. Crim. Jury Instr. 3.9 (2003)(modified)]

Accepted: _____

Denied: _____

-30-

Instruction No. 32

EVIDENCE OF OTHER ACTS OF DEFENDANT

OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendants are not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

[9th Cir. Crim. Jury Instr. 3.10 (2003)]

Accepted:    _____

Denied:    _____

Instruction No. 33

## ACTIVITIES NOT CHARGED

The defendants are on trial only for the crimes charged in the indictment, not for any

other activities.

[9th Cir. Crim. Jury Instr. 3.11 (2003)]

Accepted: _____

Denied: _____

Instruction No. 34

SEPARATE CONSIDERATION OF MULTIPLE COUNTS

MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count [unless a specific instruction states that it applies only to a specific [defendant] [count].

[9th Cir. Crim. Jury Instr. 3.14 (2003)]

Accepted:        _____

Denied:          _____

-34-

Instruction No. 35

## JURY TO BE GUIDED BY OFFICIAL
## ENGLISH TRANSLATION/INTERPRETATION

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court [interpreters] [translators]. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English [interpretation] [translation]. You must disregard any different meaning of the non-English words.

[9th Cir. Crim. Jury Instr. 3.20 (2003)]

Accepted:    _____

Denied:    _____

Instruction No. 36

## STATEMENTS BY DEFENDANT

You have heard testimony that defendant _____ made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

[9th Cir. Crim. Jury Instr. 4.1 (2003)]

Accepted:    _____

Denied:    _____

Instruction No. 37

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant.

You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity,

intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other

purpose.

[9th Cir. Crim. Jury Instr. 4.3 (2003)]

Accepted:    _____

Denied:    _____

Instruction No. 38

## CHARACTER OF DEFENDANT

You have heard evidence of the defendant's character for [e.g., truthfulness, peacefulness, honesty, etc.]. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

[9th Cir. Crim. Jury Instr. 4.4 (2003)]

Accepted:      _____

Denied:        _____

## CHARACTER OF WITNESS FOR TRUTHFULNESS

You have heard evidence of the character for truthfulness of [name of witness], a witness.

You may consider this evidence along with other evidence in deciding whether or not to believe

that witness' testimony and how much weight to give to it.

[9th Cir. Crim. Jury Instr. 4.7 (2003)]

Accepted:     _____

Denied:     _____

Instruction No. 40

IMPEACHMENT EVIDENCE - WITNESS

You have heard evidence that [witness], a witness, [e.g. has been convicted of a felony, lied under oath on a prior occasion, etc.]. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

[9th Cir. Crim. Jury Instr. 4.8 (2003)]

Accepted:    _____

Denied:    _____

Instruction No. 41

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCESB

IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from [*witness*], a witness who

[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the  testimony will not be used in any case against the witness];

[received benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this][these] reason[s], in evaluating [*witness's*] testimony, you should consider the extent to which or whether [*witness's*] testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine [*witness's*] testimony with greater caution than that of other witnesses.

[9th Cir. Crim. Jury Instr. 4.9 (2003)]


Accepted:     _____

Denied:     _____

41

Instruction No. 42

MISSING WITNESS

If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.

The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

[9th Cir. Crim. Jury Instr. 4.16 (2003)(Modified)]

Accepted: _____

Denied: _____

42

Instruction No. 43

SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

[9th Cir. Crim. Jury Instr. 4.18 (2003)]

Accepted:      _____

Denied:      _____

43

Instruction No. 44

CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

[9th Cir. Crim. Jury Instr. 4.19 (2003)]

Accepted: _____

Denied: _____

44

Instruction No. 45

WILLFULLY

Willfulness requires that an act be done knowingly and intentionally, not through

ignorance, mistake or accident." United States v. Morales, 108 F.3d 1031, 1036 (9th Cir. 1997)

(citing MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS

An act is done willfully if done voluntarily and intentionally with the purpose of violating

a known legal duty.  See also Cheek v. United States, 498 U.S. 192, 199 (1991)

[9th Cir. Crim. Jury Instr. 5.5(2003)]; see above citations.

Accepted:        _____

Denied:          _____

Instruction No 46

KNOWINGLY - DEFINED

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

[9th Cir. Crim. Jury Instr. 5.6(2003)]

Accepted: _____

Denied: _____

46

Instruction No. 47

MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [crime charged], unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

[9th Cir. Crim. Jury Instr. 6.9(2003)]

Accepted: _____

Denied: _____

47

Instruction No. 48

KNOWINGLY - DEFINED


With knowledge; consciously, intelligently; willfully; or intentionally. The defendant knew what he was about to do, and, with such knowledge, proceeded to do the act charged.


Black's Law Dictionary, 6th Ed.


Accepted: _____

Denied: _____

Instruction No. 49

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.   Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


[9th Cir. Crim. Jury Instr. 7.1(2003)]


Accepted:        _____

Denied:        _____

49

Instruction No 50

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should beCthat is entirely for you to decide.

[9th Cir. Crim. Jury Instr. 7.2(2003)]

Accepted: _____

Denied: _____

Instruction No. 51

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

[9th Cir. Crim. Jury Instr. 7.3(2003)]

Accepted: _____

Denied: _____

Instruction No. 52

VERDICT FORM

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

[9th Cir. Crim. Jury Instr. 7.5(2003)]

Accepted:    _____

Denied:    _____

Instruction No. 53

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone------including me------how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.


[9th Cir. Crim. Jury Instr. 7.6(2003)]


Accepted:        _____

Denied:        _____

Instruction No. 54

## CONSPIRACY TO COMMIT THEFT, PERJURY, AND TO MAKE FALSE STATEMENTS-

### ELEMENTS

In Count One of the indictment Eric John Tudela Mafas and Stanley K. Patris, are charged with conspiring to commit Theft in violation of Title 18, United States Code, Section 666; conspiracy to make false declarations before a grand jury in violation of Title 18, United States Code, Section 1623; Conspiracy to make false statements in violation of Title 18, United States Code, Section 1001. In order for each defendant to be found guilty of the charges, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about April, 2002, through December, 2003, there was an agreement between two or more persons to commit the crime Theft, Making False Statements before a Grand Jury; or Making False Statements, as charged in the indictment, with all of you agreeing on the particular crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its unlawful objects and intending to help accomplish it, with all of you agreeing on the particular unlawful object of the conspiracy;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful;

54

it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by voluntarily and intentionally participating in the unlawful plan with the intent to advance or further some illegal object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

[9th Cir. Crim. Jury Instr. 8.16 (2003)(modified)]

Accepted:        _____

Denied:          _____

55

Comment

In the aftermath of Apprendi v. New Jersey, __ U.S. __, 120 S.Ct. 2348 (2000), the Ninth Circuit has held that where the amount of drugs "increases the prescribed statutory maximum penalty to which a criminal defendant is exposed," the amount of drugs must be decided by a jury beyond a reasonable doubt.  United States v. Nordby, 225 F.3d. 1053 (9th Cir. 2000) ("[O]ur existing precedent to the contrary is overruled to the extent it is inconsistent with Apprendi.") (citations omitted).  See also United States v. Garcia-Guizar, 227 F.3d 1125 (9th Cir. 2000). As a result, if applicable, the court should obtain a jury determination of the amount of drugs involved.

The third element of this instruction should be used only where the statute expressly requires proof of an overt act, e.g., 18 U.S.C. ' 371 (the general conspiracy statute) and 18 U.S.C. ' 1511(a) (conspiracy to obstruct state or local law enforcement).  United States v. Shabani, 513 U.S. 10, 15-16 (1994) (holding that proof of overt act not necessary for violation drug conspiracy statute 21 U.S.C. ' 846).  See also United States v. Montgomery, 150 F.3d 983, 997-98 (9th Cir. 1998) (recognizing that reasoning in Shabani obviates need for proof of an overt act in furtherance of conspiracy under 21 U.S.C. ' 963), cert. denied, 119 S. Ct. 267 (1998).

Some statutes do not require proof of an overt act.  See, e.g., 18 U.S.C. ' 1951(a) (Conspiracy to Interfere with Commerce by Threats or Violence), ' 1962(d) (Conspiracy to Engage in Racketeer Influenced and Corrupt Organizations), ' 2384 (Seditious Conspiracy); 21 U.S.C. '' 841, 846 (Conspiracy to Possess a Controlled Substance with Intent to Distribute), and '' 960, 963 (Conspiracy to Import or Export a Controlled Substance).

See Instruction 7.9 (Specific Issue Unanimity).

56

Instruction No. 55

MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

[9th Cir. Crim. Jury Instr. 8.17 (2003)]

Accepted:      _____

Denied:      _____

Instruction No. 56

## WITHDRAWAL FROM CONSPIRACY

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

The government has the burden of proving that the defendant did not withdraw from the conspiracy before the overt act - on which you all agreed - was committed by some member of the conspiracy.

[9th Cir. Crim. Jury Instr. 8.19 (2003)]

Accepted: _____

Denied: _____

Instruction No. 57

Theft Concerning Programs Receiving Federal Funds

18 U.S.C. § 666 (a) (1) and (2)

Defendants Eric John Tudela Mafnas and Stanley K. Patris are charged in Count Two of the indictment with Theft Concerning Programs Receiving Federal Funds in violation of Sections 666(a)(1) and (2) of Title 18 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly stole or intentionally misapplied property;

Second, the property is owned by or under the care, custody or control of the CNMI Department of Safety;

Third, the property was valued at $5,000 or more;

Fourth, the defendant was an agent of the CNMI Department of Public Safety;

Second, the CNMI Department of Public Safety received at least $10,000 within a one year period.

18 U.S.C. § 666 (a) (1) and (2)

Accepted: _____

Denied: _____

59

Instruction No. 58

## CONSPIRACY TO DISTRIBUTE OR POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE

In Count Three of the indictment Eric John Tudela Mafas and Carl Cabrera, are charged with conspiring to distribute or possess with intent to distribute a controlled substance, namely methamphetamine in the form commonly known as "ice", in violation of Title 22, United States Code, Sections 846 and 841(a)(1). In order for each defendant to be found guilty of the charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 13, 2003, through December, 2003, there was an agreement between two or more persons to possess with intent to distribute and to distribute a controlled substance, namely methamphetamine in the form commonly known as "ice", with all of you agreeing on the particular crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its unlawful objects and intending to help accomplish it, with all of you agreeing on the particular unlawful object of the conspiracy;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

60

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by voluntarily and intentionally participating in the unlawful plan with the intent to advance or further some illegal object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

[9th Cir. Crim. Jury Instr. 8.16 (2003)(modified)]

61

Instruction No. 59

## POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCE
### (21 U.S.C. § 841(a)(1))

Defendant Eric John Tudela Mafnas is charged in Count Four of the indictment with

possession of Methamphetamine, in a form commonly known as "ice" with intent to distribute in

violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to

be found guilty of that charge, the government must prove each of the following elements beyond

a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine.

It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer

possession of a controlled substance to another person, with or without any financial interest in

the transaction.


### Comment

In the aftermath of *Apprendi v. New Jersey,* 530 U.S. 446 (2000), the Ninth Circuit has held that where the amount of drugs "increases the prescribed statutory maximum penalty to which a criminal defendant is exposed," the amount of drugs must be decided by a jury beyond a reasonable doubt. *United States v. Nordby,* 225 F.3d 1053 (9th Cir. 2000) ("[O]ur existing precedent to the contrary is overruled to the extent it is inconsistent with *Apprendi.*") (citations omitted). *See also United States v. Garcia-Guizar,* 227 F.3d 1125 (9th Cir. 2000) *cert. denied,* 532 U.S. 984 (2001). As a result, if applicable, the court should obtain a jury determination of the amount of drugs involved.

Possession of a controlled substance with intent to distribute requires the jury to find that the defendant (1) knowingly possessed drugs and (2) possessed them with the intent to deliver them to another person. *See, e.g., United States v. Orduno-Aguilera,* 183 F.3d 1138, 1140 (9th

Cir. 1999); *United States v. Seley*, 957 F.2d 717, 721 (9th Cir. 1992). *See also, United States v. Magallon-Jimenez,* 219 F.3d 1109, 1112 (9th Cir. 2000).

[9th Cir. Crim. Jury Instr. 9.13 (2003)]

Accepted:      _____

Denied:      _____

Instruction No. 60

False Statements

In Count Five of the indictment Defendant Eric John Tudela Mafnas is charged with making false statements in violation of Section 1001 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;

Second, the statement was made in a matter before the jurisdiction of the Federal Bureau of Investigation;

Third, the defendant acted willfully, that is deliberately and with knowledge that the statement was untrue; and

Fourth, the statement was material to the activities or decisions of the Federal Bureau of Investigation.

A statement is material if it could have influenced the agency's decisions or activities.

18 USC § 1001

Accepted:    _____

Denied:    _____

Instruction No.  61

False Statements

In Count Five of the indictment Defendant Charley K. Patris is charged with making false statements in violation of Section 1001 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;

Second, the statement was made in a matter before the jurisdiction of the Federal Bureau of Investigation;

Third, the defendant acted willfully, that is deliberately and with knowledge that the statement was untrue; and

Fourth, the statement was material to the activities or decisions of the Federal Bureau of Investigation.


A statement is material if it could have influenced the agency's decisions or activities.


18 USC § 1001

Accepted:        _____

Denied:        _____

65

Instruction No. 65

SEPARATE CONSPIRACIES

When several people agree together to further one unlawful enterprise, a single conspiracy exists. In contrast, multiple conspiracies exist when there are separate agreements to further separate unlawful enterprises. Unlawful enterprises may be separate even though they involve similar criminal conduct.

Whether a single conspiracy, multiple conspiracies, or no conspiracy at all existed is for you, the jury, to decide.

You must decide whether the single conspiracy charged in the indictment existed. If you find that the conspiracy charged did not exist, then you must return as not guilty verdict, even though you may find that some other conspiracy or conspiracies existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy or conspiracies.

Kotteakos v. United States, 66 S.Ct. 1239, 1243 (1846)

Ninth Circuit Model Criminal Jury Instructions 8.05B

Modern Federal Jury Instructions, Sand & Siffert & 19.01 at 19-24

Accepted:    _____

Denied:    _____

69

Instruction No. 66

### SPECIFIC INTENT

The crimes charged in this case are serious crimes which requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case. An act or a failure to act is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Devitt and Blackmar, 3d Ed., ' 14.03 (modified)

Accepted:    _____

Denied:    _____

70