F I L E D
Clerk
District Court

AUG 1 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT

# NORTHERN MARIANA ISLANDS

UNITED STATES OF AMERICA, |

              Plaintiff, |

   v. |

ERIC JOHN TUDELA MAFNAS, |
CHARLEY K. PATRIS, |

          Defendants. |
_____ |

CR No. 04-038

JURY INSTRUCTIONS GIVEN

    The instructions attached hereto are the instructions given to the jury on this

date.

Dated: __August 11, 2005__.

                        _____
                        A. WALLACE TASHIMA
                        United States Circuit Judge
                        Sitting by designation

1    AWT-Revised 7/05

2                    GENERAL CRIMINAL INSTRUCTIONS

3    Members of the Jury:

4            Now that you have heard the evidence and the argument of counsel, it

5    becomes my duty to instruct you on the law that applies to this case.

6            1.    Function of the Jury.  It is now your duty to find the facts from

7    all the evidence in the case.   You are the sole judges of the facts.  However, it is

8    your duty to follow and to apply the law as stated in these instructions, whether

9    you agree with it or not.  You must follow all of the instructions and not single out

10   some and ignore others; they are all equally important.

11           You must not be influenced by any personal likes or dislikes,

12   sympathy, prejudice or public opinion.  You are to perform your sworn duty

13   without bias or prejudice for or against any party.  Remember that you took an

14   oath promising to do so at the beginning of the case.

15

16

17

18

19

20

1                2.      Presumption of Innocence.  A defendant is not required to

2  prove his innocence.  He is presumed to be innocent unless the evidence proves

3  beyond a reasonable doubt that he is guilty.

4          This law applies to every element of the offense charged and must be

5  considered in regard to all the instructions.  If there is a reasonable doubt as to a

6  defendant's guilt, he must be found not guilty.

7             3.      Reasonable Doubt; Burden of Proof.  A reasonable doubt is a

8  doubt based upon reason and common sense, and may arise from a careful, fair

9  and impartial consideration of all the evidence, or from a lack of evidence.  Proof

10  beyond a reasonable doubt is proof that leaves you firmly convinced that the

11  defendant is guilty.

12        Reasonable doubt, however, is not a mere possible doubt.  There are

13  very few things in this world that we know with absolute certainty, and in a

14  criminal case the law does not require proof that overcomes every possible doubt.

15        If, after careful, fair and impartial consideration of the evidence, you

16  are firmly convinced to an evidentiary certainty that the defendant is guilty of the

17  crime charged, you must find him guilty.  If, on the other hand, you think there is a

18  real possibility that the defendant is not guilty, you must give him the benefit of

19  the doubt and find the defendant not guilty.

20        The burden is always on the prosecution to prove guilt beyond a

1    reasonable doubt.  This burden never shifts to a defendant; the law never imposes

2    upon a defendant the burden - or duty - of calling any witness or producing any

3    evidence.

4              4.       Judging Witnesses.  In deciding what the facts are, you must

5    consider all the evidence.  In doing this, you must decide which testimony to

6    believe and which testimony not to believe.  You may disbelieve all or any part of

7    any witness' testimony.  In making that decision, you may take into account a

8    number of factors including the following:

9              1.       Was the witness able to see, or hear, or know the things

10   about which that witness testified?

11             2.       How well was the witness able to recall and describe

12   those things?

13             3.       What was the witness' manner while testifying?

14             4.       Did the witness have an interest in the outcome of this

15   case or any bias or prejudice concerning any party or any matter involved in the

16   case?

17             5.       How reasonable was the witness' testimony considered

18   in light of all the evidence in the case?

19             6.       Was the witness' testimony contradicted by what the

20   witness has said or done at another time, or by the testimony of other witnesses, or

1    by other evidence?

2          In deciding whether or not to believe a witness, keep in mind that

3    people sometimes forget things.  You need to consider therefore whether a

4    contradiction is an innocent lapse of memory or an intentional falsehood, and that

5    may depend on whether it has to do with an important fact or with only a small

6    detail.

7          The weight of the evidence presented by each side does not

8    necessarily depend on the number of witnesses testifying on one side or the other.

9    You must consider all the evidence in the case, and you may decide that the

10    testimony of a smaller number of witnesses on one side has greater weight than

11    that of a larger number on the other.

12          All of these are matters for you to consider in finding the facts.

13

14

15

16

17

18

19

20

1              5.    Defendant as Witness.  You should judge the defendant's

2    testimony in the same way as you would judge the testimony of any other witness.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

1          7A.    <u>Credibility of Witness - Conviction of a Felony.</u>  Evidence that

2    a witness had been convicted of a felony, may be considered by you, along with

3    other pertinent evidence, for the purpose of deciding the believability of that

4    witness and how much weight to give to his or her testimony.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

INSTRUCTION NO. 7B

You have heard testimony from Carl Cabrera and Steven Abal, who both pleaded guilty to crimes arising out of the same events for which the defendants are on trial. These guilty pleas are not evidence against the defendants, and you may consider them only in determining the believability of the witnesses. You should consider such testimony with greater caution than that of other witnesses.

1          7C.    <u>Testimony Under Grant of Immunity.</u>  The testimony of a

2    witness who testifies in exchange for a promise by the government of total or

3    partial immunity –

4          •    that his or her testimony will not be used against him or her, or

5          •    that he or she will not be prosecuted, or

6          •    that pending charges will be dismissed –

7    should be examined with greater care than the testimony of an ordinary witness.

8    In evaluating such testimony, you should consider whether it may have been

9    influenced by the government's promise of immunity given in exchange for it.

10

11

12

13

14

15

16

17

18

19

20

1    　　　　7D.　　<u>Testimony of Accomplice.</u>  You have heard testimony from a

2    person who admitted being an accomplice to the crime charged.  An accomplice is

3    one who voluntarily and intentionally joins with another person in committing a

4    crime.  You should consider an accomplice's testimony with greater caution than

5    that of an ordinary witness.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

1          10.    <u>Statement by Defendant.</u>  You have heard testimony that the

2    defendant made a statement outside of court.

3          It is for you to decide: (1) whether the defendant made the statement;

4    and (2) if so, how much weight to give it.  In making those decisions, you should

5    consider all of the evidence about the statement, including the circumstances

6    under which it may have been made.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

1          11.    Evidence in the Case.  You are to decide the case solely on the

2    evidence received at the trial.  The evidence consists of the sworn testimony of all

3    witnesses, all exhibits received in evidence and all facts which have been agreed

4    to or stipulated.

5          Anything you may have seen or heard outside that courtroom is not

6    evidence.

7          A question is never evidence except as it supplies meaning to its

8    answer.

9

10

11

12

13

14

15

16

17

18

19

20

1          12.    Statements of Counsel.  Statements, questions and arguments

2    of counsel are not evidence, except for any statement of a stipulation.

3          13.    Stipulation.  A stipulation is an agreed statement of facts

4    between the attorneys, and you must accept such facts as being conclusively

5    proved.

6          14.    Objections.  When the Court has sustained an objection to a

7    question, you must not speculate as to what the answer might have been or the

8    reason for the objection.

9          If any testimony was stricken by the Court or you have been

10   instructed to disregard it, it is not evidence and must not be considered.

11         15.    Opinion of the Court.  Do not assume that I hold any opinion

12   on any matter in this case.  You are at liberty to disregard all comments of the

13   Court, except my instructions of the law.

14

15

16

17

18

19

20

1

INSTRUCTION __16____

2    Some of you have taken notes during the trial. Whether or not you took notes, you should

3 rely on your own memory of what was said. Notes are only to assist your memory. You should not

4 be overly influenced by the notes.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1               17.    <u>Direct or Circumstantial Evidence.</u>  There are two kinds of

2    evidence from which you may find the truth of the facts of a case.  One is direct

3    evidence – such as the testimony of an eyewitness.  The other is circumstantial

4    evidence or indirect evidence – the proof of a chain of facts from which you could

5    find that another fact exists, even though it has not been proven by direct

6    evidence.  You should consider both kinds of evidence.  It is for you to decide

7    how much weight to give to any evidence.

8               18.    <u>Inferences.</u>  You are not limited in your consideration of the

9    evidence to the bare words of the witnesses.  You are authorized to draw such

10    inferences as are justified in the light of your experience as reasonable persons.

11    An inference is a deduction or conclusion which reason and common sense lead

12    one to draw from proved facts.

13

14

15

16

17

18

19

20

1    　　　　21.   Union of Act and Intent.   In every crime, there must exist a

2    union of act and intent.  The burden is always upon the government to prove both

3    act and intent beyond a reasonable doubt.

4    　　　　22.   Circumstantial Proof of Intent.   While witnesses may be able

5    to give direct evidence of what a defendant does, there can be no eyewitness

6    account of the state of mind with which the acts were done.  Therefore, intent may

7    be proved by circumstantial evidence.

8    　　　　23.   "Knowingly".   An act is "knowingly" done if it is done

9    intentionally and voluntarily with complete awareness and not because of mistake

10   or ignorance or accident or other innocent reason.

11

12

13

14

15

16

17

18

19

20

23A.    "Willfully".    An act is done willfully if it is done knowingly and intentionally, and not through ignorance, mistake, or accident.

1      24.    On or About.   The indictment charges that the offense was

2   committed "on or about" a certain date.  The proof need not establish the exact

3   date with certainty.  It is sufficient if the evidence establishes beyond a reasonable

4   doubt that the offense was committed on a date reasonably near the date alleged.

5      25.    Indictment Not Evidence.   An indictment is only a method of

6   accusing a defendant of a crime.  It is not evidence, and you are not to infer from it

7   that a defendant is likely to be guilty.

8      26.    Plea of Not Guilty.   Each defendant has pleaded not guilty to

9   the charges in the indictment against him.  This plea puts in issue every element of

10   the crimes charged and requires that the government prove each element of each

11   charge by proof beyond a reasonable doubt.

12

13

14

15

16

17

18

19

20

INSTRUCTION NO.  29

A defendant may be found guilty of any of the crimes charged in the indictment, even if that defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, that the crime charged in the indictment was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of the crime charged in the indictment; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the acts constituting the crime charged. The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

1

INSTRUCTION __30____

2    Defendants Mafnas and Patris are charged in Count One of the indictment with conspiring to

3    commit an offense against the United States; specifically, theft concerning programs receiving

4
     federal funds, perjury, and false statements within the jurisdiction of the Federal Bureau of
5
     Investigation, in violation of Section 371 of Title 18 of the United States Code. In order for the
6
7    defendant to be found guilty of that charge, the government must prove each of the following

8    elements beyond a reasonable doubt:

9    First, from in or about April, 2002, through December, 2003, there was an agreement

10   between two or more persons to commit at least one of the crimes as charged in the indictment,

11   namely theft, perjury or false statements;

12   Second, the defendant became a member of the conspiracy knowing of at least one of its

13   objects and intending to help accomplish it; and

14
     Third, one of the members of the conspiracy committed at least one overt act for the purpose
15
     of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was
16
17   committed.

18   I shall discuss with you briefly the law relating to each of these elements.

19   A conspiracy is a kind of criminal partnership—an agreement of two or more persons to

20   commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it

21   does not matter whether the crime agreed upon was committed.

22   For a conspiracy to have existed, it is not necessary that the conspirators made a formal

23   agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they

24
     simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one
25

22

1  another. You must find that there was a plan to commit at least one of the crimes alleged in the

2  indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the

3  conspirators agreed to commit.

4  One becomes a member of a conspiracy by willfully participating in the unlawful plan with

5  the intent to advance or further some object or purpose of the conspiracy, even though the person

6  does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully

7  joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has

8  no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of

9  the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a

10  conspirator merely by associating with one or more persons who are conspirators, nor merely by

11  knowing that a conspiracy exists.

12  An overt act does not itself have to be unlawful.  A lawful act may be an element of a

13  conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not

14  required to prove that the defendant personally did one of the overt acts.

15

16

17

18

19

20

21

22

23

24

25

1

INSTRUCTION __31__

2    You must decide whether the conspiracy to commit an offense against the United States

3  existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged

4  did not exist, then you must return a not guilty verdict, even though you may find that some other

5  conspiracy existed. Similarly, if you find that any defendant was not a member of the charged

6

7  conspiracy, then you must find that defendant not guilty, even though that defendant may have been

8  a member of some other conspiracy.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION __32__

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION __33__

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of theft concerning a program receiving federal funds as charged in Count Two, false statements as charged in Counts Five and Six, and perjury as charged in Counts Seven and Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1. a person committed the specific crime as alleged in Count Two, Five, Six, Seven and Eight;

2. the person was a member of the conspiracy charged in Count One of the indictment;

3. the person committed the crime furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Counts Two, Five, Six, Seven and Eight was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

1

INSTRUCTION __37__

2

Defendants Mafnas and Patris are both charged in Count Two of the indictment with theft

3

concerning a program receiving federal funds in violation of Section 666 of Title 18 of the United

4

States Code. In order for a defendant to be found guilty of that charge, the government must prove

5

each of the following elements beyond a reasonable doubt:

6

7

First, the defendant was an agent of the CNMI Department of Public Safety;

8

Second, the CNMI Department of Public Safety received at least $10,000 within a one-year

9

period in assistance from the United States in the form of grants, contracts, subsidies, or loans; and

10

11

Third, the defendant stole property that is valued at $5,000 or more and is owned by or under

12

the care, custody or control of the CNMI Department of Public Safety.

13

An agent is a person who is authorized to act on behalf of the CNMI Department of Public

14

Safety, including an employee, officer or representative.

15

16

17

18

19

United States v. Simas, 937 F.2d 459 (9th Cir. 1991).

20

21

22

23

24

25

28

INSTRUCTION NO. 38

In determining the value of the stolen property at issue in Count Two of the indictment, if you find that a defendant stole methamphetamine or "ice," a controlled substance, you must include the value of that property even though it cannot be sold legally. In valuing methamphetamine or ice, you should ascribe the value in the market in which it would have been sold. That is, you must give methamphetamine or ice its "street value" to drug users. You must decide the "street value" according to the testimony you have heard. It does not matter that methamphetamine or ice has no value to the government.

INSTRUCTION __40__

Defendant Mafnas is charged in Count Three of the indictment with conspiracy to distribute and possess with intent to distribute a controlled substance, namely methamphetamine in the form commonly known as "ice," in violation of Section 846 of Title 21 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between about June, 2002 and February, 2004, there was an agreement between two or more persons to distribute and possess with intent to distribute a controlled substance, namely methamphetamine in the form commonly know as "ice;" and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1

INSTRUCTION __41__

2   You must decide whether the conspiracy to distribute and possess with the intent to distribute

3 methamphetamine existed, and, if it did, who at least some of its members were. If you find that the

4 conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find

5 that some other conspiracy existed. Similarly, if you find that defendant Mafnas was not a member of

6 the charged conspiracy, then you must find him not guilty, even though he may have been a member

7 of some other conspiracy.

8

9   This conspiracy is separate from the conspiracy to commit an offense against the United

10 States, charged in Count One.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION 42

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

33

1

INSTRUCTION **45**

2

3

Defendant Mafnas is charged in Count Four of the indictment with possession of

methamphetamine in the form commonly known as "ice" with intent to distribute in violation of

4

Section 841(a)(1) of Title 21 of the United States Code.  In order for him to be found guilty of this

5

6

charge, the government must prove each of the following elements beyond a reasonable doubt:

First, from on or about May 12, 2003, until a date unknown,  defendant Mafnas knowingly

7

8

possessed methamphetamine in the form commonly known as "ice;" and

9

Second, he possessed it with the intent to deliver it to another person.

10

It does not matter whether the defendant knew that the substance was methamphetamine.  It

11

is sufficient that the defendant knew that it was some kind of prohibited drug.

12

To "possess with intent to distribute" means to possess with intent to deliver or transfer

13

possession of a controlled substance to another person, with or without any financial interest in the

14

transaction.

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION **51**

Defendants Mafnas and Patris are charged respectively in Counts Five and Six of the indictment with making false statements within the jurisdiction of an agency of the United States in violation of Section 1001 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about December 22, 2003 the defendant made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation;

Second, the defendant acted willfully, that is deliberately and with knowledge that the statement was untrue; and

Third, the statement was material to the activities or decisions of the Federal Bureau of Investigation. A statement is material if it could have influenced the agency's decisions or activities.

INSTRUCTION  **52**

Defendant Mafnas is charged alone in Count Seven of the indictment with perjury in violation of Section 1623 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant testified under oath orally before the grand jury, on or about December 29, 2003;

Second, the testimony was false;

Third, the false testimony was material to the matters before the grand jury; and

Fourth, the defendant acted willfully, that is deliberately and with knowledge that the testimony was false.

All of you must agree as to which statement was false.

INSTRUCTION __53__

Defendant Patris is charged alone in Count Eight of the indictment with perjury in violation of Section 1623 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant testified under oath orally before the grand on or about December 29, 2003;

Second, the testimony was false;

Third, the false testimony was material to the matters before the grand jury; and

Fourth, the defendant acted willfully, that is deliberately and with knowledge that the testimony was false.

All of you must agree as to which statement was false.

INSTRUCTION NO. 61

Defendant Charley K. Patris is charged alone in Count Nine of the indictment with being an Accessory After the Fact, in violation of Section 3, of Title 18, of the United States Code.  In order for him to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt.

First, that defendant Patris knew that Eric Mafnas and others had committed the crime or crimes of conspiracy to distribute and possess with intent to distribute methamphetamine ice, or possession with intent to distribute methamphetamine ice; and

Second, that defendant Patris assisted Eric Mafnas with the intent to hinder and prevent Mafnas' apprehension, trial, and punishment.

1       91.   <u>Verdict as to Defendant Only.</u>   You are to determine only the

2   guilt or innocence of the defendant.  You are not called upon to determine the guilt

3   or innocence of any other person.

4       92.   <u>Other Offenses.</u>   The defendant is not on trial for anything not

5   alleged in the indictment.

1    93B.  <u>Verdict - Multiple Counts, Multiple Defendants.</u>   A separate

2    crime is charged against one or both of the defendants in each count.  You must

3    consider and decide the case of each defendant on each count charged against that

4    defendant separately.  Your verdict on any count as to either defendant should not

5    control your verdict on any other count or as to the other defendant.

6         Remember that different defendants are charged in the different

7    counts of the indictment.

8    You will have a copy of the indictment in the jury room to consult for this

9    purpose.

10

11

12

13

14

15

16

17

18

19

20

1    93C.    <u>Consider Each Defendant Separately.</u>    Although the

2    defendants are being tried together, you must consider and decide the case against

3    each defendant separately.  In doing so, you must decide what the evidence shows

4    about each defendant.  Each defendant is entitled to have the case against that

5    defendant decided solely on the evidence and the law which applies to him.

6        Your verdict as to one defendant should not control your verdict as to

7    the other defendant.

8

9

10

11

12

13

14

15

16

17

18

1    94.  <u>Punishment.</u>  Punishment is a matter exclusively within the

2    province of the Court and should never be considered by you in arriving at a

3    verdict of guilty or not guilty.

4    95.  <u>Jury's Recollection Controls.</u>  If any reference by the Court or

5    by counsel to matters of evidence does not coincide with your own recollection, it

6    is your recollection which should control during your deliberations.

7    96.  <u>Individual Opinion.</u>  The verdict must represent the considered

8    judgment of each juror.  In other words, your verdict must be unanimous.  It is

9    your duty to consult with one another, and to deliberate with a view to reaching an

10   agreement, if you can do so without violence to individual judgment.

11   Each of you must decide the case for yourself, but you should do so

12   only after you have considered all of the evidence, discussed it fully with the other

13   jurors and listened to the views of your fellow jurors.

14   In the course of your deliberations, do not hesitate to re-examine your

15   own views, and do not be afraid to change your opinion, if the discussion

16   convinces you that you should.  But do not surrender your honest conviction as to

17   the weight or effect of evidence, or come to a decision simly because other jurors

18   think it is right or simply to each a verdict.

19   Remember that you are not partisans.  You are the impartial judges of

20   the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

1           97.    <u>Communications Between Court and Jury.</u>  If it becomes

2    necessary to communicate with the Court, you may send a note by a bailiff, signed

3    by your foreperson or any other member of the jury.  You should never attempt to

4    communicate by any means other than a signed writing.  The Court will

5    communicate with you on any matter concerning the case only in writing, or here

6    in open court.

7          You will note from the oath about to be taken by the bailiffs that they

8    are forbidden to communicate with any member of the jury on any subject

9    touching the merits of the case.

10         You are never to reveal – not even to the Court – how the jury stands

11   on the question of guilt or innocence until after you have reached your verdict.

12         98.    <u>Verdict - Jury's Responsibility.</u>  It is proper to add the caution

13   that nothing said in these instructions – nothing in any form of verdict prepared for

14   your convenience – is to suggest or convey in any way or manner any intimation

15   as to what verdict I think you should find.  What the verdict shall be is the sole and

16   exclusive duty and responsibility of the jury.

17         99.    <u>Foreperson; Returning Verdict.</u>  When you retire to the Jury

18   Room, you should elect one of your members to act as your foreperson.  That

19   person will preside over your deliberations and will speak for you in Court.

20         A form of verdict has been prepared for your convenience.

1          This form will be sent into the Jury Room, at which time you will

2     commence your deliberations.  When you have reached your verdict, you will have

3     your foreperson fill in, date and sign the form to state the verdict upon which you

4     unanimously agree, and advise the bailiff that you are ready to return your verdict.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20