F I L E D
Clerk
District Court

FEB - 7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
JAMIE D. BOWERS
Assistant U.S. Attorneys
DISTRICT OF THE NORTHERN
  MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax:      (670) 236-2985

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 04-00038 |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | SUPPORT OF THE COURT'S |
| v. | ) | JURISDICTION TO PROCEED WITH |
| | ) | SENTENCING. |
| ERIC JOHN TUDELA MAFNAS, and | ) | |
| CHARLEY K. PATRIS, | ) | Date: February 13, 2006 |
| | ) | Time: 9:00 a.m. |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran and Jamie D. Bowers, Assistant United States Attorneys, and hereby submits its memorandum in support of the Court's jurisdiction to proceed with sentencing the defendants Eric John Tudela Mafnas and Charley K. Patris.

On December 21, 2005, Mafnas filed a motion to dismiss the indictment on the ground that his detention pending sentencing after the jury found him guilty amounted to punishment and that

sentencing him would amount to double jeopardy under the Fifth Amendment. Defendant Patris later joined in the motion.

After an evidentiary hearing on allegations about the conditions at the jail where Defendants had been held, the Court denied the motions to dismiss. The Court ruled that dismissal was not a valid post-verdict, pre-sentencing remedy for alleged constitutional violations arising from the conditions of confinement while awaiting sentencing. Currently, Defendant Mafnas is scheduled to be sentenced on February 13. Defendant Patris is scheduled to be sentenced on February 17.

On January 19, 2006, however, in a transparent attempt to delay or altogether avoid sentencing, Defendants filed a notice of appeal from the order denying their motions to dismiss. They simultaneously filed a memorandum with this Court, pointedly stating that because of the appeal, the Court no longer had jurisdiction over the case and could not go forward with sentencing. On appeal, Defendants make the same argument they made to this Court, namely, that to sentence Defendants *as required by law* would *as a matter of law* place them in double jeopardy.

///

The argument is as without merit on appeal as it was here. The government has filed a motion in the Ninth Circuit to dismiss the appeal for lack of jurisdiction. A copy of the government's motion and supporting memorandum is attached. For the reasons set forth in that memorandum, this Court plainly has jurisdiction over this case and should proceed with sentencing as scheduled.

Dated: February 7, 2006
Saipan, CNMI

Respectfully submitted,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
TIMOTHY E. MORAN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Timothy E. Moran, attorney to the plaintiff United States of America, hereby certify that, on February 7, 2006, I caused a copy of the foregoing Government's Memorandum In Support of the Court's Jurisdiction To Proceed With Sentencing to be served, upon the following attorneys for the defendants:

Howard G. Trapp, Esq.  (By Federal Express Overnight Mail)
200 Saylor Building
139 East Chalan Santo Pappa
Hagatna, Guam 96910; and

G. Anthony Long, Esq.  (By Hand)
2nd Floor, Lim's Building
San Jose, Saipan, MP 96950.

_____
TIMOTHY E. MORAN
Assistant United States Attorney

3

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. Nos. 06-10056 |
| Plaintiff-Appellee, | 06-10058 |
| v. | CR. Case No. 04-000038 ARM |
| ERIC JOHN TUDELA MAFNAS, and CHARLEY K. PATRIS | |
| Defendants-Appellants. | |

## GOVERNMENT'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

The government moves to dismiss the appeal in this case for lack of jurisdiction. In support of this motion, the government submits the accompanying memorandum of law.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
TIMOTHY E. MORAN
Assistant United States Attorney

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Appellee, ) <br> ) <br> v. ) <br> ) <br> ERIC JOHN TUDELA MAFNAS ) <br> and CHARLEY K. PATRIS, ) <br> ) <br> Defendants-Appellants. ) <br> _____) | C.A. Nos. 06-10056 <br> 06-10058 <br><br> CR. Case No. 04-00038 ARM |

On Appeal from the District Court for the Northern Mariana Islands

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S
MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION**

---

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

TIMOTHY E. MORAN
Assistant United States Attorney
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
(670) 236-2980

Attorneys for Plaintiff-Appellee

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | C.A. Nos. 06-10056 |
| ) | 06-10058 |
| Plaintiff-Appellee, ) | |
| ) | CR. Case No. 04-00038 ARM |
| v. ) | |
| ) | |
| ERIC JOHN TUDELA MAFNAS, ) | |
| and CHARLEY K. PATRIS, ) | |
| ) | |
| Defendants-Appellants. ) | |
| ) | |

## I. BACKGROUND

On July 28, 2005, a grand jury returned a nine count superseding indictment, charging Defendants Eric John Tudela Mafnas and Charley K. Patris, with Conspiracy to Commit Theft, Perjury, and to Make False Stements, 18 U.S.C. § 371 (Count One); Theft Concerning Programs Receiving Federal Funds, 18 U.S.C. § 666 (Count Two); Conspiracy to Possess and Distribute a Controlled Substance, 21 U.S.C. § 846 (Count Three, Mafnas only); Possession With Intent To Distribute A Controlled Substance, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B) (Count Four, Mafnas only); False Statements, 18 U.S.C. § 1001 (Count Five, Mafnas; Count Six, Patris); Perjury, 18 U.S.C. § 1623 (Count Seven, Mafnas; Count Eight, Patris); and Accessory After the Fact, 18 U.S.C. § 3 (Count Nine, Patris only). After 10 days of trial, a jury found Defendant Mafnas guilty

on all counts (Counts 1, 2, 3, 4, 5, and 7) and Defendant Patris guilty of false statements, perjury and accessory after the fact (Counts 6, 8 and 9). The District Court initially scheduled sentencing for November 22, 2005.

On December 21, 2005, Defendant Mafnas filed a motion to dismiss the indictment on the ground that his detention pending sentencing after the jury found him guilty constituted punishment and that sentencing him would amount to double jeopardy under the Fifth Amendment. Defendant Patris later joined in the motion.

After an evidentiary hearing on allegations about the conditions at the jail where Defendants had been held, the District Court denied the motions to dismiss. The Court ruled that dismissal is not a valid post-verdict, pre-sentencing remedy for alleged constitutional violations arising from any conditions of confinement while awaiting sentencing. Currently, Defendant Mafnas is scheduled to be sentenced on February 13. Defendant Patris is scheduled to be sentenced on February 20.

On January 9, 2006, however, in a transparent attempt to delay or altogether avoid sentencing, Defendants filed a notice of appeal to this Court from the order denying their motions to dismiss. They simultaneously filed a memorandum advising the District Court of the appeal, pointedly stating that because of the appeal, the District Court no longer had jurisdiction over the case and could not go forward with sentencing. On appeal, their argument is the same as it was below, namely, that to sentence Defendants

3

as required by law would as a matter of law place them in double jeopardy. The argument is preposterous on its face, the appeal is interlocutory, and this Court should summarily dismiss it for lack of jurisdiction.

II.  ARGUMENT

   A.  The Appeal Is Interlocutory.

Under 28 U.S.C. § 1291, this Court has jurisdiction only to review "final decisions of the district courts." A decision is not final for purposes of appeal "until there has been a decision by the district court that ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." Van Cauwenberghe v. Baird, 486 U.S. 517, 521-522 (1988). As a general rule, interlocutory orders are not appealable. Requiring finality before appeal has particular importance here because "delays and disruptions attendant upon intermediate appeal ... are especially inimical to the effective and fair administration of the criminal law." DiBella v. United States, 369 U.S. 121, 126 (1962).

Clearly, the order denying the motions to dismiss the indictment was not a final decision under 28 U.S.C. § 1291. It was not unlike any number of other unappealable orders issued by a district court prior to judgment or other final decision in a criminal case. Indeed, a bail determination made at the very outset of a case – a decision that may well involve holding a defendant pending trial – may be appealed only because 18

4

U.S.C. § 3145(c) specifically authorizes it. Defendants' reasoning that the denial of a motion to dismiss should be treated as a detention order governed by 28 U.S.C. § 1291, however, carried to its logical conclusion, would preclude the District Court from imposing sentence on Doble Jeopardy grounds in any case involving presentence incarceration – even though the sentence is the very decision by which the judgment in a criminal case becomes final and appealable. Simply to state the proposition is to demonstrate its complete lack of merit.

### B. Defendants Fail To Raise Even A Colorable Claim of Double Jeopardy.

Courts of appeals will not exercise jurisdiction over an interlocutory appeal from a denial of a motion to dismiss unless the double jeopardy claim is "colorable." United States v. Hickey, 367 F.3d 888 (9th Cir. 2004); United States v. Sarkisian, 197 F.3d 966, 983 (9th Cir. 1999) ("A claim of double jeopardy must be at least 'colorable' to confer interlocutory jurisdiction on an appellate court."). A double jeopardy claim is colorable if it has some possible validity. United States v. Price, 314 F.3d 417, 420 (9th Cir. 2002), quoting Sarkisian, 197 F.3d at 983. Accordingly, Defendants' failure to allege a colorable double jeopardy claim precludes them from obtaining interlocutory review of the District Court's order denying their motions to dismiss.

Detention pending the imposition of sentence is a "nonpunitive" penalty – unlike a sentence – imposed for the purpose of assuring the defendants' appearance for

sentencing. <u>Hudson v. United States</u>, 522 U.S. 93 (1997). Moreover, defendants are given credit for time served while incarcerated pending the imposition of sentence. <u>Id.</u>

Additionally, the substance of the defendants' double jeopardy claim is without merit. It is not a colorable claim automatically because defendants assert that it raises a question of first impression in the circuit. By their logic, any double jeopardy claim of first impression may divest the district court of jurisdiction, no matter how far fetched. A colorable claim, of course, presupposes that there is some validity to the claim, regardless of whether defendant is the first or last to raise the claim. As the District Court found, there is simply no authority or merit to Defendants' claim of double jeopardy; therefore it is not colorable since it lacks the necessary validity. Accordingly, the double jeopardy claim may not be appealed before final judgment.

Since no set of facts will support the assertion of a claim of double jeopardy like that of Defendants Mafnas and Patris, there is no possibility that the defendants' double jeopardy rights will be violated by the imposition of sentence. Therefore, there is no need to interpose the delay of appellate review before imposing sentence.

## III. CONCLUSION

Accordingly, for the reasons stated above, Defendants Mafnas and Patris have not, and cannot, make a colorable claim that their constitutional rights against double jeopardy have been violated. As such, defendants' appeal from the District Court's denial of their motion to dismiss the indictment on double jeopardy grounds must be dismissed for lack of appellate jurisdiction.

RESPECTFULLY SUBMITTED this 7th day of February, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
TIMOTHY E. MORAN
Assistant United States Attorney

C.A. Nos. 06-10056 and 06-10058

## CERTIFICATE OF SERVICE

I, Timothy E. Moran, Assistant United States Attorney for the District of the Northern Mariana Islands, attorney for Plaintiff-Appellee, hereby certify that on February 7, 2006, I caused to be served true copies of the foregoing Plaintiff-Appellee's Motion To Dismiss Appeal For Lack of Jurisdiction and Memorandum in Support of Motion To Dismiss Appeal For Lack of Jurisdiction to the addresses shown below:

Clerk of the Court                                          (by Federal Express)
U.S. Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

Howard Trapp, Esq.                                          (by Federal Express)
200 Saylor Building
139 Chalan Santo Papa
Hagatna, Guam 96910
Attorney for Appellant
ERIC JOHN TUDELA MAFNAS

G. Anthony Long, Esq.                                       (by Hand)
2nd Floor, Lim's Building
P.O. Box 504970
San Jose, Saipan, MP 96950
Attorney for Appellant
CHARLEY K. PATRIS

I declare under the penalty of perjury that the foregoing is true and correct.

LEONARDO M. RAPADAS
United States Attorney

By: _____
TIMOTHY E. MORAN
Assistant U.S. Attorney