Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Patris

FILED
Clerk
District Court

FEB 1 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL ACTION NO. 04-0038 |
| ) | |
| Plaintiff ) | |
| ) | PATRIS' OBJECTIONS TO PRESENTENCE |
| v. ) | INVESTIGATION REPORT |
| ) | |
| ERIC TUDELA MAFNAS and ) | |
| and CHARLIE KINTARO PATRIS ) | |
| ) | |
| Defendants ) | |

## I. PATRIS OBJECTS TO THE TWO POINT ENCHANCEMENT FOR OBSTRUCTION OF JUSTICE UNDER GROUP ONE AND TWO

The United States Sentencing Guidelines ("U.S.S.G.") § §3C1.1 provides for a two level increase for obstruction of justice. The two-level adjustment for obstruction based on making a materially false statement is not warranted unless the false statement resulted "in a significant hindrance to the investigation or to [the defendant's] prosecution." *United States v. Solano-Godines*, 120 F.3d 957, 963 (9th Cir.1997) The enhancement is not warranted for merely attempting to hinder the investigation by use of an alias or other misstatements. *Id.* There must be actual and significant hindrance to an investigation. *Id.* In the absence of any evidence that a materially false statement actually hindered an investigation, a two level increase for obstruction

is clear error. *Id* at 964. The pretrial sentencing report fails to state or show how the materially false statements actually hindered its investigation. This precludes imposing the two level increase for obstruction of justice under groups one and two. *See Solano-Godines*, 120 F.3d at 963 - 964.

## II. PATRIS OBJECTS TO A TWO POINT ENHANCEMENT BASED ON HIS ROLE IN THE OFFENSES

The PSR adds a two point enhancement for Patris' role in the offenses under Group One and Group Two pursuant to § 3B1.3. This enhancement is improper in as much as Patris' conduct is based on conduct which occurred after the underlying offense was committed. *See United States v. Henning*, 77 F.3d 346, 349 (10th Cir. 1996).

## III. PATRIS OBJECTS TO THE 3 POINT ENHANCEMENT FOR PERJURY

The PSR imposes a three point enhancement for perjury pursuant to U.S.S.G. § 2J1.3(b)(2)[1]. Application note 1 defines substantial interference with the administration of justice as including "a premature or improper termination of a felony investigation; an indictment, verdict, or any judicial determination based upon perjury, false testimony, or other false evidence; or the unnecessary expenditure of substantial governmental or court resources." This enhcancement is improper as the PSR does not identify any conduct or act of Patris which comes within the scope for application of the three point enhancement. *See United States v. Duran*, 41

---

[1] This enhancement is also redundant of the enhancement for obstruction of justice under Group Two.

F.3d 540, 546 (9th Cir. 1994).

### IV. PATRIS OBJECTS TO THE BASE OFFENSE LEVEL 24 FOR THE ACCESSORY AFTER THE FACT

The PSR applies a base offense level of 24 for the accessory after the fact conviction based on a determination that the amount of ice involved 46 grams. The jury did not find a specific amount of ice. Likewise, the prosecution did not introduce any laboratory report into evidence showing the contraband was "ice" or that its consisted of 46 grams. More specifically, U.S.S.G. 2D1.1 defines "ice" as meaning a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity. The PSR does not attach any document showing that the alleged contraband contained 80% or more of d-methamphetamine hydrochloride or which shows the weight of the alleged substance.

### V. PATRIS OBJECTS TO NOT RECEIVING ANY ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY.

The district court cannot consider the defendant's refusal to discuss the offense with the probation officer as evidence weighing against acceptance of responsibility. *United States v. Vance*, 62 F.3d 1152, 1157 (9th Cir. 1995); *United States v. LaPierre*, 998 F.2d 1460, 1467 (9th Cir. 1993)[Guideline § 3E1.1 does not allow the judge to weigh against the defendant the defendant's exercise of constitutional or statutory rights, including the right to appeal]. In this case, the PSR denies the acceptance of responsibility on grounds that Patris did not discuss the offense during the PSR interview. This is improper and accordingly Patris is entitled to the two point reduction under § 3E1.1.

## VI. SEPARATE GROUPING IS IMPROPER

U.S.S.G. § 3D1.2 provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single group." Generally, counts should be grouped into a single group under four circumstances. First, placing counts in a single group is proper when the counts "involve the same victim and the same act or transaction." U.S.S.G. § 3D1.2(a). Single grouping of counts is also appropriate when counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. U.S.S.G §3D1.2(b). Merging counts into a single group is allowed when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G § 3D1.2( c). Finally, the guidelines provide for single grouping of counts when "the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." U.S.S.G § 3D1.2(d). Based on these factors, the segregating of count 6 into a separate group from counts VII and IX is improper.

## CONCLUSION

Based on the above, the court should not accept the offense level set forth in the PSR. The enhancements imposed by the PSR are not supported by the law or the facts. Also, the determination of the amount of "ice" involved for purposes of the accessory after the fact offense level must be established by competent evidence at the sentencing hearing. *United States v.*

*Howard,* 894 F.2d 1085, 1090 (9th Cir.1990)[the prosecution has the burden of proof for any fact that the sentencing court would find necessary to determine the base offense level.]

Law Office of G. Anthony Long

By: /s/ G. Anthony Long
G. Anthony Long