Case 1:04-cr-00038    Document 210    Filed 09/27/2007    Page 1 of 4

FILED

JUN 18 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FILED
Clerk
District Court

SEP 27 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10058, 06-10132 |
| Plaintiff - Appellee, | D.C. No. CR-04-00038-ARM |
| v. | D.C. No. CR-04-00038-2-ARM |
| CHARLES K. PATRIS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted June 4, 2007
Honolulu, Hawaii

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

Charles K. Patris argues that his conviction for accessory after the fact should be reversed due to insufficiency of the evidence and the district court's denial of his request for a continuance. He also argues that, under the "perjury

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

trap" defense, his conviction for perjury should be overturned. In the alternative, he contends that his sentence is improper. We affirm.

### A. Accessory After the Fact

*1.* The evidence was sufficient for the accessory after the fact conviction.

Direct evidence of knowledge of the underlying crime is not necessary. *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1206 (9th Cir. 1991). There was plenty of evidence from which the jury was entitled to infer that Patris knew that Mafnas was stealing the drugs in order to possess them with intent to distribute: He changed his story regarding his knowledge of the whereabouts of the drugs, ultimately telling the same false tale as Mafnas regarding the burning of the drugs; he was present for at least one rendezvous between Mafnas and Cabrera, a known drug dealer; he participated in the cover-up arrest of Frankie Mafnas by forging an arrest warrant, and Frankie was involved in the street distribution of the drugs. From this evidence, the jury could conclude, beyond a reasonable doubt, that Patris knew the true fate of the drugs at the hands of his close associate, Mafnas.

With regard to the contention that Patris was protecting himself rather than Mafnas, while that may have been true with regard to the conversation with Cabrera, there was, as just recounted, considerably more evidence with regard to the cover-up than that. In any event, Patris was not charged as a principal, and his

conviction as an accessory is therefore appropriate. *See United States v. Taylor*, 322 F.3d 1209, 1212 (9th Cir. 2003).

Finally, as to the notion that the crime was not completed at the time Patris was involved in the cover-up, at least the possession with intent to distribute crime was completed. That was sufficient, so we need not reach the question whether completion is necessary for an accessory after the fact conviction.

**2.** The district court did not abuse its discretion by failing to grant a continuance. *See United States v. Torres-Rodriguez*, 930 F.2d 1375, 1383 (9th Cir. 1991), *overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995). The evidence on the perjury and lying to the FBI charges was essentially the same as that on the accessory charge. The failure to grant the continuance motion therefore did not deny counsel for the defendant the reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, Patris failed to show any prejudice that resulted from the denial. *See United States v. Gonzalez*, 800 F.2d 895, 898 (9th Cir. 1986) ("To demonstrate reversible error from the denial of such a motion, the defendant must show that the denial resulted in actual prejudice to his defense.").

### B. Perjury Trap

Patris testified before the grand jury in the course of a legitimate investigation, and the questions he was asked were material and germane to that investigation. *See United States v. Chen*, 933 F.2d 793, 796-97 (9th Cir. 1991). The "perjury trap" defense therefore does not apply, and the court need not reach the question whether it is a valid defense.

### C. Sentence

This court has jurisdiction over the sentencing issues. *See United v. Yee Soon Shin*, 953 F.2d 559, 560-61 (9th Cir 1992).

With regard to the challenge to the sentencing judge, Judge Tashima was absent for purposes of FED. R. CRIM. P. 25(b)(1), and Judge Munson adequately acquainted himself with the record. *See United States v. Spinney*, 795 F.2d 1410, 1413 (9th Cir. 1986). Judge Munson did not treat the guidelines as mandatory, properly calculated the guidelines range, and did a very careful job of running through the 18 U.S.C. § 3553(a) factors to demonstrate why the sentence was appropriate. The sentence was therefore proper.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP 1 9 2007

by: _____
Deputy Clerk